AO 91 (Rev. 08/09) Criminal Complaint

FILED by ___ D.C.

NOV - 6 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Lorenzo Junior Edmonds | ) | Case No. 17-8462-DLB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 14, 2017__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | knowingly and intentionally distribute a controlled substance, that is, a mixture and subtance including heroin and a fentanyl analogue |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

David Brockman, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11-6-2017__

_____
Judge's signature

City and state: __West Palm Beach, Florida__    Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, David J. Brockman, a Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state:

### Background of the Affiant

1. I have been a Special Agent with the DEA since November of 2010. I have received basic training in narcotics investigations at the Justice Training Center located in Quantico, Virginia. I am currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. During my employment with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning, the unlawful distribution and possession with intent to distribute controlled substances; importation of illegal narcotics; use of communication facilities to conduct illegal narcotics transactions; maintaining places for purposes of manufacturing, distributing or using controlled substances; and conspiracies to commit these offenses; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846, respectively.

2. This affidavit is provided for the limited purpose of establishing probable cause for the arrest of **Lorenzo Junior EDMONDS** based upon the charges set forth in the attached complaint. Because this affidavit is provided for the limited purpose of establishing probable cause, it does not set forth every fact that is known to myself and other investigators regarding this investigation. The facts in the affidavit are known personally to me, or are based upon my communications with other investigators and/or my review of their reports.

## July 14, 2017

3. During the month of July, 2017, a Confidential Source reported to investigators[1] that the CS had contacted EDMONDS in person outside the MLK Quick Stop. The CS reported that he/she told EDMONDS that the CS was expecting to buy one ounce of heroin.[2] EDMOND's price, according to CS was $2500 per ounce. CS indicated that EDMONDS told CS to see him when CS was ready.

4. On July 14, 2017, at approximately 10:00 AM, agents met with CS at a predetermined meeting location. Agents searched CS and CS's vehicle for contraband, which yielded negative results. Your affiant then provided CS with $2,500.00 in official advanced funds. Your affiant activated a digital recording device and handed it to CS. CS immediately departed the area *en route* to the Sam's Club located at 7233 Seacrest Blvd, Lantana, FL. CS was kept under surveillance and did not make any stops before arriving and parking at that location.

5. At the same time agents met with CS, agents initiated surveillance on EDMONDS located outside the building of the MLK Quick Stop in Boynton Beach, Florida. At approximately 10:53 AM, CS placed an outgoing text message to EDMONDS's cellular telephone that stated "I'm ready I'm at the Sam's club just finished shopping" indicating that CS was at the Sam's Club and was ready to do a drug deal. At approximately 11:09 AM, CS received a reply text message from EDMONDS. This text message read "30 Minutes."[3]

---

[1] The Task Force investigating EDMONDS included Palm Beach County Sheriff's Office, the City of Boynton Beach Police Department, and the Drug Enforcement Administration (DEA).

[2] This meeting was not conducted under surveillance or recorded.

[3] The text messages described in this affidavit have been reviewed by your affiant. Your affiant viewed the text messages between CS and the EDMONDS shortly after the deal described below when your affiant met with CS and recovered recording device and suspected heroin. Under your affiant's direction, the messages were forwarded to a government phone, where they were then printed out and preserved as evidence.

6.      EDMONDS was followed by surveillance units and observed meeting with Subject #1 at two different locations. EDMONDS ultimately drove to Sam's Club, where he met CS. After EDMONDS arrived, agents observed CS leave his/her vehicle and get into EDMONDS's vehicle. CS was inside EDMONDS's vehicle for approximately 2 minutes. Then, at approximately 12:08 PM, CS exited EDMONDS's vehicle and spoke to EDMONDS through the front passenger's side window. At approximately 12:10 PM, CS departed the area in CS's vehicle destined for a predetermined meeting location where CS could be debriefed. CS was followed closely by agents the entire time as the CS drove to the meeting location.

7.      At the meeting location, your affiant retrieved the recording device and the suspected heroin from CS.[4] CS stated to agents that EDMONDS had provided the CS with approximately one ounce of heroin for $2,500.00. According to CS, EDMONDS also had a clear bag containing what appeared to be cocaine in plain view within his vehicle. EDMONDS said to CS that he was a one-stop shop. Meaning that EDMONDS was capable of providing several types of narcotics. EDMONDS asked the CS how he/she was going to distribute the heroin, i.e. in capsules or powder form. CS told EDMONDS that he/she was interested in purchasing two ounces of heroin. EDMONDS relayed to CS that he could go and get the extra one ounce without any issues if the CS wanted. CS then told EDMONDS that he/she did not have the money on him/her for the extra ounce of heroin at that time. CS asked EDMONDS if he could lower the price per ounce of heroin. EDMONDS stated that $2,500.00 was his price he was paying for it and that he was not making a profit. The approximate one ounce of suspected heroin was submitted to the southeast drug laboratory for analysis.

---

[4] Agents searched CS and CS's vehicle for additional contraband or money with negative results.

3

8. Laboratory analysis has confirmed that the substance recovered from CS is a controlled substance. Specifically, EDMONDS sold CS approximately 28 grams of heroin, which was laced with carfentanil. Carfentanil is a fentanyl analogue, a powerful synthetic opioid. Both heroin and carfentanil are controlled substances.

### October 4, 2017

9. On October 4, 2017, your affiant and other agents met the same CS at a prearranged location, where the CS and the CS's vehicle were searched with negative results. The CS had reported that the CS had ordered a ½ ounce (14 grams) of heroin from EDMONDS. The CS was provided $1,250 of official advanced funds and a digital recorder to make the purchase.

10. The CS was followed to a Sam's Club parking lot in Lantana, Florida. At that location, surveillance agents watched EDMONDS arrive in the parking lot driving a black car. EDMONDS parked adjacent to the CS's vehicle. Agents watched the CS get out of the CS's vehicle and get into EDMONDS car. The CS was inside only briefly before returning to the CS's vehicle. Both EDMONDS and the CS drove their respective vehicles from the parking lot.

11. The CS was followed by surveillance agents to a prearranged meeting location. At that location, your affiant and other agents recovered the recording device and a small tied off plastic bag containing a brown powdery substance that is consistent in appearance with heroin.[5] The CS confirmed that EDMONDS accepted the money in exchange for the $1,250.[6] The bag and substance, which weighs approximately 14 grams, has been sent to the laboratory and is pending an analysis.

---

[5] Because of concern that the substance may cut with fentanyl or a fentanyl analogue, a field test was not conducted.

[6] The CS and CS's vehicle was again searched, with negative results for contraband and money.

4

## Conclusion

12. Based on the facts presented above, your affiant respectfully submits that there is probable cause to believe that on or about July 14, 2017, in Palm Beach County, in the Southern District of Florida, the defendant, Lorenzo EDMONDS, did distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). There is further probable cause to believe that the controlled substance distributed by the defendant included a mixture and substance containing heroin and a fentanyl analogue, in violation of 21 U.S.C. § 841(b)(1)(C).

**FURTHER YOUR AFFIANT SAYETH NOT**

_____
DAVID J. BROCKMAN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to me
before this ___6___ day of November, 2017

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-8462-DLB

UNITED STATES OF AMERICA

vs.

**LORENZO JUNIOR EDMONDS,**

   **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

       Respectfully submitted,

       BENJAMIN G. GREENBERG
       ACTING UNITED STATES ATTORNEY

BY: _/s/ Anthony W. Lacosta_
       Anthony W. Lacosta
       Assistant United States Attorney
       Court No. A5500698
       500 S. Australian Avenue, Suite 400
       West Palm Beach, FL 33401
       TEL: (561) 820-8711
       FAX: (561) 805-9846
       Email: Anthony.Lacosta@usdoj.gov